[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Willie Seay has appealed his conviction for trafficking in cocaine. His two assignments of error allege that his conviction was based upon insufficient evidence and was against the manifest weight of the evidence. Specifically, Seay argues that the state did not establish his identity as the person who sold crack cocaine to undercover officers.
The assignments of error are overruled. Seay was shown on videotape selling crack cocaine to undercover officers. The officers involved in the drug transaction identified Seay as the person who sold the crack. Further, the arresting officer knew Seay.
After viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found that the essential elements of the crime had been proved beyond a reasonable doubt, including Seay's identity as the perpetrator. See State v. Jones
(2001), 91 Ohio St.3d 335, 744 N.E.2d 1163; State v. Stallings (2000),89 Ohio St.3d 280, 731 N.E.2d 159. Further, having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we cannot conclude that, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. See State v. Thompkins
(1997), 78 Ohio St.3d 380, 678 N.E.2d 541; State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.